

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JACKIE E. MCCABE, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:04-22630-HFF-WMC |
| § | |
| JO ANNE B. BARNHART, Commissioner § | |
| of Social Security, § | |
| § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND AFFIRMING DEFENDANT'S DECISION

## I.   INTRODUCTION

This is a Social Security action. This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which he suggests that Defendant's decision to deny Plaintiff disability insurance benefits (DIB) and Supplemental Social Security benefits (SSI) be affirmed. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

## II.   THE REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the report on October 11, 2005, and Plaintiff filed his objections on October 24, 2005. The Court will now review each of the objections in turn.

### III.    PLAINTIFF'S OBJECTIONS[1]

####   A.    Mood Disorder

Plaintiff contends that the "Magistrate Judge erred in finding that Plaintiff's mood disorder . . . was not a severe impairment." (Pl's Objs. to Rept. 1.) Since it is not the province of the Magistrate Judge, nor of this Court, to make such a finding, the Court assumes that Plaintiff is arguing that the Magistrate Judge erred in suggesting that there is substantial evidence in the record to support *the Administrative Law Judge's (ALJ)* finding that Plaintiff's mood disorder was not a severe impairment.

In marshaling this argument, Plaintiff states that, "Dr. Hero was a treating psychiatrist of Plaintiff and greater weight should have been given to his assessment that Plaintiff's mental impairment was severe than was given to [a Social Security Administration] consulting doctor who had no contact with Plaintiff." (Pl's Objs. 1.) The Court is unconvinced.

---

[1] For a recitation of the relevant factual and procedural history, the reader is directed to the report.

Normally, the opinion of a treating physician "is entitled to great weight for it reflects an expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983). In *Craig v. Chater,* however, the Fourth Circuit Court of Appeals stated that "precedent does not require that a treating physician's testimony be given controlling weight. . . . [I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." 76 F.3d 585, 590 (4th Cir. 1996) (internal citation and quotation marks omitted). If not entitled to controlling weight, the value of the opinion must be weighed, and the ALJ must consider: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. §404.1527(d)(2). Statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements, however, are not medical opinions. These are administrative findings reserved for the Commissioner's determination. Social Security Ruling 96-2p.

In the case *sub judice*, and as suggested by the Magistrate Judge, the Court finds that,

> The evidence in the record indicates that the plaintiff's depression and anxiety were controlled by medication. There is no indication that the plaintiff's mental impairment would significantly limit his ability to do work. Accordingly, the decision of the ALJ finding that the plaintiff's impairment was not severe is supported by substantial evidence. . . .[Dr. Hero's] assessment was not supported by clinical findings in his treatment notes. The ALJ did not have to accept or reject Dr. Hero's assessment in its entirety, and he properly found that Dr. Hero's more restrictive limitations in certain categories were not supported by objective clinical evidence.

(Mag. Rept. 8.) For these reasons, the Court finds that Dr. Hero's opinion was not entitled to controlling weight and that substantial evidence supports the ALJ's finding.

   B.  *Plaintiff's Work Abilities*

Plaintiff next argues that the "Magistrate Judge erred in not accepting Dr. Hero's assessment as to Plaintiff's work abilities from a mental standpoint." (Pl's Objs. to Rept. 1.) Again, since it is not the responsibility of the Magistrate Judge, nor of this Court, to make such a finding, the Court assumes that Plaintiff is arguing that the Magistrate Judge erred in suggesting that there is substantial evidence in the record to support *the ALJ's* not accepting Dr. Hero's assessment as to Plaintiff's work abilities from a mental standpoint. For the reasons set forth in the proceeding section, the Court will overrule this objection.

Plaintiff's also asserts that, "If Dr. Hero's assessment was credible enough that some parts be accepted[,] then credibility should also extend to those parts of the assessment with which the ALJ may have disagreed." This is simply not the law. In fact, it is black letter law that one can accept parts of a witnesses' testimony while rejecting other portions of that same testimony. Thus, the Court finds this contention to be without merit.

   C.  *Semi-skilled Sedentary Work*

Plaintiff maintains that the "Magistrate Judge committed error in finding that the ALJ properly ruled that Plaintiff could perform semi-skilled sedentary work as a check/retail clerk." (Pl's Objs. to Rept. 2.) The Court disagrees.

While it is clear that the ALJ erred in finding that Plaintiff could also perform the skilled positions of service cashier and material order clerk, the Court finds such error to be harmless since: 1) the ALJ properly resolved the skilled versus semi-skilled/inconsistency issue "by finding that the

4

plaintiff could perform semiskilled work as a check/retail cashier." (Mag. Rept. 11.), 2) semiskilled work as a check/retail cashier exists in significant numbers, 3) the Court is convinced that the ALJ would have reached the same conclusion notwithstanding the error and, 4) there is substantial evidence in the record to support the ALJ's determination.

### D.     *Elevating Left Foot*

Plaintiff claims that, "It was error for the U.S. Magistrate [not to] consider [the] vocational effect on Plaintiff's having to elevate his left foot while sitting due to a residual fracture of the left lower foot which the ALJ found to be a severe impairment." Again, the Court assumes that Plaintiff means that *the ALJ* erred in not considering the vocational effect on Plaintiff's having to elevate his left foot while sitting due to a residual fracture of the left lower foot which the ALJ found to be a severe impairment.

Simply stated, it is unnecessary for the ALJ to consider the Vocational Expert's (VE) response to hypothetical questions that incorporate limitations which are unsupported by credible medical evidence. Since the ALJ found the evidence concerning Plaintiff's need to keep his left foot elevated for most of each day as not credible, and that finding is supported by substantial evidence, the Court declines to disturb the ALJ's decision on this basis.

### IV.     CONCLUSION

While it may be true that, were the Court conducting a *de novo* review of the record, it would come to a different conclusion than did the ALJ, it is not for this Court to make such a judgment. Instead, the Court must look to determine whether correct law was applied and whether substantial

evidence supports the ALJ's finding. Having carefully reviewed the record before it, the Court answers each of these two questions in the affirmative.

Accordingly, after a thorough review of the report and the objections pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the report to the extent that it does not contradict this Order and incorporates it herein. Accordingly, it is the judgment of this Court that the decision of the Commissioner must be **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 18th day of November, 2005, in Spartanburg, South Carolina.

/s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
